ACCEPTED
13-15-00133-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
8/28/2015 8:58:33 AM
CECILE FOY GSANGER
CLERK

No. 13-15-133-CV

IN THE COURT OF APPEALS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
8/28/2015 8:58:33 AM
CECILE FOY GSANGER
Clerk

FOR THE THIRTEENTH DISTRICT OF TEXAS

AT EDINBURG, TEXAS

## CITY OF PHARR, TEXAS

### APPELLANT

### V.

## DORA HERRERA, ET AL,

### APPELLEES

Original Appellate Proceeding from the County
370th District Court - Hidalgo County, Texas

## APPELLEES' AMENDED REPLY BRIEF

### SNIDER LAW FIRM, PLLC

Wyatt D. Snider
State Bar No. 24039185
3535 Calder, Suite 300
Telephone: (409) 924-9595
Facsimile:  (409) 924-0808
**ATTORNEY FOR APPELLEES**

**IDENTITY OF PARTIES AND COUNSEL**

PARTIES                                    COUNSEL

Appellant:
City of Pharr, Texas                       Ricardo J. Navarro
                                           Rebecca S. Hayward
                                           Denton, Navarro, Rocha & Bernal,
                                           Hyde & Zech, P.C.
                                           701 E. Harrison St., Ste. 100
                                           Harlingen, Texas 78550
                                           (956)421.4904
                                           (956)421.3621 - Facsimile


Appellees:
Dora Herrera, Individually & as Representative of the Estate of Reynaldo Herrera, Deceased, Eric Herrera, Efren Herrera, Michael Herrera, Jessica Herrera Rodriguez, Celia Herrera, Vanessa Herrera, Veronica Herrera Rodriguez Herrera and Rey Herrera


                                           Wyatt D. Snider
                                           Snider Law Firm, PLLC
                                           3535 Calder, Suite 300
                                           Beaumont, Texas 77706
                                           Trial Counsel and Appellate
                                           Counsel for Appellees

ii

## TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATUTES AND RULES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Reply Issue 1:** **City of Pharr is not entitled to immunity because the operation of Officer Gonzalez' vehicle was the proximate cause of the accident in question** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Reply Issue 2:** **City of Pharr is not entitled to immunity under the emergency exception because Officer Gonzalez' actions were taken with conscious indifference and reckless disregard for the safety of others** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Reply Issue 3:** **City of Pharr is liable because Officer Gonzalez is not entitled to official immunity because he was not acting in good faith** . 14

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# INDEX OF AUTHORITIES

## CASES

*Travis v. City of Mesquite* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,7,8,9,10
    830 S.W.2d 94 (Tex. 1992)

*Tarrant County Hosp. Dist. v. Henry* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    52 S.W.3d 434 (Tex. Court of Appeals [2nd Dist.] 2001)

*Hampton v. Univ. of Texas M.D. Anderson Cancer Center* . . . . . . . . . . . . . . . . . . . . 6
    6 S.W.3d 627, 631 (Tex. Court of Appeals 1999)

*City of San Augustine v. Parrish* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    10 S.W.3d 734 (Tex. App--Tyler 1999, pet dism'd w.o.j)

*Ryder v. Fayette County* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    453 S.W.3d 922, 928 (Tex. 2015)

*The City of Dallas v. Hillis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,9,10,11
    308 S.W.3d 526, 534 (Tex. App. - Dallas, 2010 review denied)

*Teague v. City of Dallas* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,9
    344 S.W.3d 434 (Tex. App. - Dallas 2011, review denied)

*Texas Dept. Parks & Wildlife v. Miranda* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    133 S.W.3d at 228 (Tex. Supreme Court 2004)

*Ark Fuel Oil Co. v. State* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    154 Tex. 573, 280 S.W.2d 723, 729 (1955)

*City of Sugarland v. Ballard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    174 S.W.3d 259 (Tex.App.–Houston [1st Dist.] 2005, no pet.)

*Texas Department of Public Safety v. Grisham* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    232 S.W.3d 822 (Tex.App.–Houston [14th Dist.] 2007, no pet.)

*Schronk v. City of Burleson* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    387 S.W.3d 692 (Tex. App. - Waco 2009, pet. denied)

*Wise Regional Health System v. Brittain* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    268 S.W.3d 799 807-08 (Tex. App. - Fort Worth 2008, no pet.)

*Midland v. Sullivan* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    33 S.W.3d 1 (Tex. App. - El Paso 2000)

*Cameron County v. Alvarado* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    900 S.W.2d 874 (Tex.App.–Corpus Christi, 1995)

**STATUTES AND RULES**

Tex. Trans. Code § 546.005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## ISSUES PRESENTED

**Reply Issue 1:** City of Pharr is not entitled to immunity because the operation of Officer Gonzalez' vehicle was the proximate cause of the accident in question.

**Reply Issue 2:** City of Pharr is not entitled to immunity under the emergency exception because Officer Gonzalez' actions were taken with conscious indifference and reckless disregard for the safety of others.

**Reply Issue 3:** City of Pharr is liable because Officer Gonzalez is not entitled to official immunity because he was not acting in good faith.

i

No. 13-15-133-CV

IN THE COURT OF APPEALS

FOR THE THIRTEENTH DISTRICT OF TEXAS

AT EDINBURG, TEXAS

CITY OF PHARR, TEXAS

APPELLANT

V.

DORA HERRERA, ET AL,

APPELLEES

Original Appellate Proceeding from the County
370th District Court - Hidalgo County, Texas

APPELLEES' AMENDED REPLY BRIEF

TO THE HONORABLE COURT OF APPEALS:

Appellees, Dora Herrera, Individually & as Representative of the Estate of Reynaldo Herrera, Deceased, Eric Herrera, Efren Herrera, Michael Herrera, Jessica Herrera Rodriguez, Celia Herrera, Vanessa Herrera, Veronica Herrera Rodriguez Herrera and Rey Herrera, submit this Amended Reply Brief, and would respectfully show the Court the following:

ii

## SUMMARY OF THE ARGUMENT

The City of Pharr, through a reckless and dangerous chase initiated by one of its officers, is liable under the Texas Tort Claims Act for the wrongful death of Reynaldo Herrera, Deceased, who was father and spouse to Plaintiffs and Appellees. The accident "arises out of the operation of a motor vehicle" according to the Texas Supreme Court case of *Travis v. Mesquite*. Further, the City of Pharr is not entitled to immunity under the emergency exception because the City of Pharr's officers were acting with conscious indifference and reckless disregard for the safety of others. The City of Pharr is not entitled to official immunity because Officer Gonzales was not acting in good faith.

## STATEMENT OF FACTS

Plaintiffs are the wife, the mother and the children of Reynaldo Herrera who was killed in an accident that occurred on the evening of May 26, 2010. (CR 81).[1] This action was brought by those family members against The City of Pharr, Hidalgo County, Texas Department of Public Safety and other Defendants arising out of that incident. (CR 81). The case has been brought pursuant to the Texas Tort Claims Act against The City of Pharr for wrongful death, survival claims, bystander recovery and other claims. (CR 22, 81, 82). The incident that Plaintiffs complain of occurred on the evening of May 26, 2010 and it was specifically initiated by Defendant The City of Pharr (hereinafter "Pharr"), through the actions and omissions of its employee, Emilio Gonzalez (hereinafter "Gonzalez") and his supervisors, who were acting in the course and scope of their employment as Pharr Police

---

[1] Citations to the Clerk's Record will be cited to as (CR XX), the Supplemental Clerk's Record filed on August 12, 2015 will be cited to as (SCR Ex. X).

1

Officers. (CR 22, 82). The course and scope of Gonzales' employment is not disputed by Pharr in its Brief.

On that date, Gonzalez was patrolling in a marked vehicle near Military Road and I Road in Hidalgo County, Texas. (CR 23, 82). Around 6:00 p.m. in the evening, Gonzalez conducted a routine traffic stop. (CR 23, 82, 163). After the traffic stop, Gonzalez headed west on Military Drive towards Pharr. (CR 23, 82). As he approached I Road, the Pharr city limits, Gonzalez noticed a black Expedition traveling northbound on I Road. (CR 23, 82). The black Expedition stopped at the stop sign located at the intersection o f I Road and Military Road. (CR 23, 82). As that vehicle stopped, Gonzalez continued westbound past I Road. (CR 23, 82). As Gonzalez passed the Expedition, Gonzalez noticed the Expedition had dark tint material on the window. (CR 23, 82). Gonzalez believed that based on his visual observation only, without actual measurement, that the tint violated the statutes of the Texas Transportation Code. (CR 23, 82).

Gonzalez then proceeded to make a u-turn to "go after" the Expedition as the Expedition turned to proceed eastbound on Military Road. (CR 23, 82, 183). Gonzalez decided to begin pursuit of the Expedition for the misdemeanor violation of the vehicle's tinted windows being too dark. (CR 24, 82, 183). The Officer radioed the dispatcher that a vehicle was coming out of a high drug area. (CR 24, 82). However, Gonzalez did not tell the dispatcher or notify his supervisor that he was pursuing the Expedition only for the tinted window violation. (CR 24, 82).

Gonzalez pursued the black Expedition that refused to stop and traveled at a high rate of speed over 80 miles an hour. (CR 24, 83, 165, 184). Gonzalez pursued the black Expedition through the City of Alamo and into the City of Edinburg. (CR 24, 83, 185).

During this high speed pursuit for a misdemeanor violation, the black Expedition and Gonzalez passed in no passing zones, disregarded stop signs and red lights, and despite these dangers to the public - for a misdemeanor violation only - Gonzalez continued the pursuit well outside the Pharr city limits. (CR 24, 83, 165, 185, 186). Additionally, during this pursuit, Gonzalez continually radioed for support from other agencies. (CR 24, 83, 165). In fact, the chase had become so dangerous that Alamo Police Department had withdrawn from the chase.

The Plaintiffs have brought this lawsuit because the institution of and the continued high speed pursuit demonstrated Gonzalez' and Pharr's negligence, conscious indifference and reckless disregard for the safety of the public by engaging in a high speed pursuit, in a populated area, where the almost certain harm to a member or members of the public greatly outweighed the need to apprehend an unknown driver for having windows that were tinted too dark. (CR 24, 25, 83).

It was not until the Officer was pursuing in Edinburg, Texas that the Officer finally admitted and believed that the pursuit (that he initiated and continued for 14 minutes and asked for other officers to join in) was becoming too dangerous. Gonzalez never radioed other pursuers to stop pursuit nor did he radio that he was disengaging because the chase was too dangerous. (CR 25, 83, 186). Within less than three minutes of Gonzalez discontinuing his pursuit, the Expedition turned left onto Curve Road and crashed into Mr. Herrera's vehicle, fatally injuring Mr. Herrera. (CR 25, 83, 186). At the time that Gonzalez discontinued his pursuit, he spoke to a DPS Officer and told the DPS Officer that he was "still going." (CR 25, 83, 186). He never told the DPS Officer, or any of the Hidalgo County vehicles chasing Quintero, that the chase was now "too dangerous". The DPS Officer and

3

an unmarked Hidalgo County expedition continued pursuit and were still in hot pursuit of the black Expedition when the fatal accident occurred. (CR 83, 186, 187). Plaintiffs have brought the underlying action in the Plaintiffs' First Amended Petition, in which all these facts are alleged. (CR 96-112). Plaintiffs have brought this action because Gonzalez, (along with the County of Hidalgo officers) while in the course and scope of his employment, acted negligently, acted with reckless disregard and ignored with conscious indifference the safety of others. Gonzalez committed the following acts and omissions that he knew or should have known posed a high degree of serious injury, thereby being a proximate cause of Decedent's death, when he instituted and continued a high speed pursuit under the following conditions:

1) Based solely on a Class C misdemeanor - a tinted window violation;

2) When there was no risk of harm to the public from suspect's escape;

3) When the risk of harm posed by the pursuit did not justify and greatly outweighed the risk to the public from the suspect's escape;

4) Without knowledge of and in violation of the City of Pharr's pursuit policies;

5) Within populated areas, at speeds exceeding 80 miles per hour, while the suspect ran stop signs, red lights, and passed in no passing zones; and

6) Although the dispatcher and ultimately the supervisor knew that the Officer pursuing was pursuing solely based on a traffic violation -- "tinted" windows; The City of Pharr allowed the pursuit to continue and sought additional assistance. (CR 26, 27, 84, 166, 167, 168, 169).

Plaintiffs have pled that Pharr has violated the duty of care set out in Section 546.005 of the Texas Transportation Code and that the acts and/or omissions listed above amount to a violation of the duty to operate the vehicle with appropriate regard to the safety of all persons and/or a reckless disregard for the safety of others. (CR 27, 28, 29, 84).

4

## Dispute of Defendant's "Undisputed Facts"

Defendant City of Pharr has a section in their Brief called "Undisputed Facts." See Appellant's Brief, Page 12. Plaintiffs dispute several of the facts that Defendant City of Pharr states are undisputed. The facts that Plaintiffs and Appellees dispute that are contained in the "Undisputed Facts" section of Appellant's Brief are as follows:

a. Officer Gonzalez did not remain in contact with dispatch and did not continually update the Police Department. (CR 169).

b. Officer Gonzalez was not always a safe distance behind the fleeing SUV. (CR 165-167).

c. Officer Gonzalez did not slow at all traffic control devices much less intersections to make sure traffic was aware of his approach. (CR 165).

d. Pharr seems to imply that Quintero, (the driver of the black Expedition) was no longer being pursued when the collision occurred. This is not true. He was being pursued by DPS and by Hidalgo County, who was chasing him in an unmarked vehicle. DPS and Hidalgo County were pursuing based on the assistance asked for by Officer Gonzalez and the direct contact Officer Gonzalez made with the DPS Officer who continued the pursuit. (SCR Ex. E).

e. Gonzalez was near the accident because it took him less than three minutes from when he turned away from the pursuit to come back to the scene of the accident. (SCR Ex. E).

These facts are disputed by the Plaintiffs and Appellees and Plaintiffs and Appellees object to any representation that there are somehow "Undisputed Facts".

## STANDARD OF REVIEW

This is an appeal of the Trial Court's Denial of the City of Pharr's Plea to the Jurisdiction because there is a waiver of sovereign immunity that applies under the Texas Tort Claims Act (hereinafter "TTCA").

5

In determining whether under the TTCA the waiver is to be liberally construed, the liberal construction must be balanced with legislative intent by waiving immunity to a limited degree. *Tarrant County Hosp. Dist. v. Henry,* 52 S.W.3d 434 (Tex. Court of Appeals [2nd Dist.] 2001).

This Court must construe the Plaintiff's petition in their favor and refuse to dismiss a case for lack of jurisdiction if plaintiff's petition supports a cause of action under the TTCA. *Hampton v. Univ. of Texas M.D. Anderson Cancer Center,* 6 S.W.3d 627, 631 (Tex. Court of Appeals 1999).

This Court must apply a de novo standard of review for a plea to the jurisdiction and thereby must construe the allegations in the petition as true and in favor of the Plaintiffs. *City of San Augustine v. Parrish*, 10 S.W.3d 734 (Tex. App--Tyler 1999, pet dism'd w.o.j.).

## ARGUMENT AND AUTHORITY

**Reply Issue 1:** **City of Pharr is not entitled to immunity because the operation of Officer Gonzalez' vehicle was the proximate cause of the accident in question.**

Pharr alleges first that the injuries do not "arise from Pharr's use of the motor driven vehicle." Pharr's statement of the law is correct that the Supreme Court has construed the "arises from" requirement meaning the vehicle's use "must have actually caused the injury." According to the Texas Supreme Court in *Ryder v. Fayette County*, 453 S.W.3d 922, 928 (Tex. 2015), in order to meet the definition of "arises from" in the TTCA, a government employee must have been operating the motor vehicle at the time of the incident and the vehicle must be used as a vehicle. It is undisputed that the facts of this case meet that definition.

6

Pharr primarily relies on the Dallas Court of Appeals case of *The City of Dallas v. Hillis,* 308 S.W.3d 526, 534 (Tex. App. - Dallas, 2010 review denied). Defendant asserts that the *Hillis* Dallas Court of Appeals case and the case following *Hillis, Teague v. City of Dallas,* 344 S.W.3d 434 (Tex. App. - Dallas 2011, review denied), finds that when an individual is in a police chase unless the police car actually makes contact, bumps or intentionally attempts to run the car off the road, then there is no causal nexus between the conduct of the officer and the accident which caused the injury. These two cases, *Teague* and *Hillis,* which were recently decided by the Dallas Court of Appeals and both involve City of Dallas police officers, <u>are the only cases which Pharr has cited to which involve high speed pursuit cases instituted by police departments in which the accident was a result of the chase</u>. They are not consistent with Texas Supreme Court precedent in this matter.

These two cases are directly at odds with the Texas Supreme Court case of *Travis v. City of Mesquite,* 830 S.W.2d 94 (Tex. 1992). Plaintiffs would assert that the *Travis* case is directly on point because it also involves police officers instituting a chase of a criminal and the criminal causing an accident and injuring innocent bystanders while fleeing from the police. The Supreme Court in *Travis* states that the ultimate determination with respect to these cases is still proximate cause. The two elements of proximate cause are cause in fact and forseeability. *Id.* Cause in fact means that the act or omission was a substantial factor in bringing about the injury. Without it, harm would not have occurred. The Court in *Travis* noted that the summary judgment evidence raises the inference that Atkins (the fleeing suspect) drove down the access road at excessive speeds because of the police's

7

decision to give chase. There was evidence that the conduct of the police officer was a cause in fact of the accident in question and the injuries for which the Plaintiffs seek recovery. Furthermore, the Court in *Travis* discussed the second element of causation, forseeability which means that a person of ordinary intelligence should have anticipated the dangers that this negligent act created for others. The Supreme Court in *Travis* went on to note that forseeability does not require that the person anticipate the precise manner in which injury will occur once he has created a dangerous situation through his negligence. "Although the criminal conduct of a third party may be a superseding cause which relieves the negligent actor from liability, the actor's negligence is not superseded and will not be excused when the criminal conduct is a forseeable result of such negligence. There can be concurrent proximate causes of an accident. All persons whose negligent conduct contributes to the injury, proximately causing the injury, are liable. When the intervening illegal negligent act is forseeable it does not negate the continuing proximate causation and consequent liability of the initial actor." *Id.* at Page 98. (Internal citations omitted) (emphasis added). The Texas Supreme Court holding in *Travis* is directly at odds with the argument that Defendant Pharr is making in their Brief. *Travis* is the law of the State and Pharr has provided no Texas Supreme Court cases which overturn Travis.

The City of Pharr seems to imply that *Travis* is distinguishable because it is not a state law immunity case. This is simply not true. According to the concurring opinion by Justice Corayn, he believed that because the officers' entitlement to immunity is dispositive

8

of the City of Pharr's liability under the TTCA, that the issue was properly before the *Travis* court. *Id* at 100-101.

Therefore, according to the Texas Supreme Court, the determination relating to "arises from" a motor vehicle is still a determination of proximate cause. Because proximate cause is ultimately a question of fact for the fact finder, this Court's role is to determine whether the petition "creates a fact question" regarding the causal relationship between the conduct and the alleged injury. *Texas Dept. Parks & Wildlife v. Miranda*, 133 S.W.3d at 228 (Tex. Supreme Court 2004). Questions of causation such as proximate cause are normally treated as questions of fact unless reasonable minds cannot differ. *Ark Fuel Oil Co. v. State*, 154 Tex. 573, 280 S.W.2d 723, 729 (1955). The *Travis* decision came out in 1992. The *Hillis* decision came out in March of 2010. *Hillis* is the only Court of Appeals case which has held differently than *Travis.* The *Hillis* Court looks at the Texas Supreme Court decision in *Travis* and disregards it completely. It also bases its decision on cases such as *City of Sugarland v. Ballard,* 174 S.W.3d 259 (Tex.App.–Houston [1st Dist.] 2005, no pet.) and *Texas Department of Public Safety v. Grisham,* 232 S.W.3d 822 (Tex.App.–Houston [14th Dist.] 2007, no pet.) and some cases from Michigan. Plaintiffs will assert again that *Ballard* and *Grisham* are different cases because those cases involve parked police motor vehicles, not a high speed chase. *Teague* (another Dallas Court of Appeals decision relied on by Pharr) is identical to *Hillis* but *Hillis* established the Dallas Court of Appeals standard that any high speed chase in which the police car does not make any contact or attempted contact with the criminal's vehicle would never hold the city

liable. This is directly contradictory to *Travis* and the Dallas Court of Appeals' decision in *Hillis* is a rogue case and is not consistent with the general standards of proximate cause.

The Texas Supreme Court goes on to state in *Travis* that "Police officers must balance the risk to the public with their duty to enforce the law to choose an appropriate course of conduct. Public safety should not be thrown to the winds in the heat of the chase...The decision to initiate or continue pursuit may be negligent when the heightened risk of injury to third parties is unreasonable in relation to the interest in apprehending the suspects." (emphasis added). The report of Dr. Weinblatt, (an expert on police procedures) establishes both the cause in fact and forseeability elements of the proximate cause standard and establishes that Pharr proximately caused the accident in question. (CR 169).

Therefore, the current law of the land, as the Texas Supreme Court has stated in *Travis,* is that even though the City of Pharr may not have been itself pursuing at the time and may not have made contact with Quintero's vehicle, their decision to institute the chase is a cause in fact and meets the proximate cause standard. In cases involving the Texas Tort Claims Act, reasonable probability caused by the defendant's negligent act or omission means simply that it is more likely than not that the ultimate harm or condition resulted from such negligence. *Schronk v. City of Burleson,* 387 S.W.3d 692 (Tex. App. - Waco 2009, pet. denied). Cause in fact means that whether the act or omission was a substantial fact in causing the injury without which the harm would not have occurred. *Wise Regional Health System v. Brittain,* 268 S.W.3d 799 807-08 (Tex. App. - Fort Worth 2008, no pet.).

Furthermore, even under the standard cited to in *Hillis* the actions of Officer Gonzalez are temporally, geographically and causally connected and there is a disputed fact issue on that as well. (CR 66, 67, 90). A dash camera video from the DPS Officer who continued the pursuit after the City of Pharr interrupted its pursuit is in the record (SCR Ex. E). First, this disputes the fact that Quintero was no longer being pursued. (CR 90). Quintero was being pursued by the City of Pharr and the DPS took up that pursuit after the City of Pharr asked them to. (CR 90). Officer Gonzalez' video dash cam, shows that he clearly states that after 12 minutes that Quintero smells marijuana and that he believes that he is a possible drug trafficker. (CR 90, 166, 199, 200). Immediately thereafter he makes contact with the DPS Officer and tells him "Still going" and the DPS Officer continues pursuit. (CR 25, 83, 186). Therefore, the DPS Officer's pursuit is a direct result of the City of Pharr's initiation of the pursuit and the City of Pharr's direction for DPS to continue the pursuit without telling the DPS Officer about the original violation. (CR 24, 90).

More importantly, Trooper Herrera's dash cam (with the Texas Department of Public Safety), clearly shows that at the point where Officer Gonzalez stopped the pursuit and said "Still going" the timeclock said 18:23:11. (SCR Ex. E; CR 90). At 18:26:32 the DPS Officer comes upon the fatal accident with other officers already at the scene and have already exited the vehicle with their weapons drawn. (SCR Ex. E; CR 90). This is approximately three minutes and twenty seconds between Officer Gonzalez disengaging the pursuit and the DPS Officer actually reaching the accident. (SCR Ex. E; CR 90). Presumably the accident occurred just before the DPS Officer arrived. (CR 90). Therefore, this is direct evidence that it was less than three minutes between Pharr disengaging the pursuit and the accident occurring and during that time period Quintero was still being

11

pursued by a DPS Officer who began his pursuit because of the pursuit initiated by Officer Gonzalez. (CR 90, 91). This is direct evidence which disputes Officer Gonzalez's testimony that he was not temporally, geographically or causally connected to the dispute in question. (CR 91). This is especially true because Officer Gonzalez admits that he was driving reckless and leaves out certain facts established by the videotape which shows while the pursuit was being conducted through the City of Alamo it was through a high residential area and it was clearly reckless and dangerous to other individuals. (CR 91, 163-172).

The El Paso Court of Appeals in the case of *Midland v. Sullivan,* 33 S.W.3d 1 (Tex. App. - El Paso 2000) looks at the Supreme Court holding and says that while the Supreme Court does insist that proximate cause under the Texas Tort Claims Act requires more than mere involvement of the property, it does not hold that the property or the use of the motor vehicle be the actual instrumentality of the personal injury or death. (CR 91). Nor does it create some new requirement for showing a proximate cause under the Texas Tort Claims Act. (CR 91). Therefore, the correct standard for the operation and use of a motor vehicle that the injury arises from is the typical proximate cause standard. (CR 91).

Furthermore, according to Dr. Weinblatt, and the Memo he is referring to from Sgt. Garcia, that the Pharr units as well as others (who would not have done so except for the actions of Officer Gonzalez) started the chase and got the momentum going and even after a long, delayed disengagement from the pursuit; that causation is then established, especially because the pursuit went on through multiple jurisdictions, involved many units and went on for a long period of time. (SCR Ex. G).

12

**Reply Issue 2:** City of Pharr is not entitled to immunity under the emergency exception because Officer Gonzalez' actions were taken with conscious indifference and reckless disregard for the safety of others.

The City of Pharr agrees that the standard is conscious indifference and reckless disregard for the safety of the public. However, the City of Pharr relies on Affidavits of Officer Gonzalez. Officer Gonzalez' Affidavits really only identify the reckless acts he took in initiating and engaging in the pursuit. No where in Gonzalez's Affidavits does he attempt to state that he was looking out for the public and their safety and he does not provide any evidence that he was not reckless. The Emergency Exemption (upon which Pharr is attempting to rely), is an affirmative defense and therefore, the City of Pharr has the burden of establishing there was no conscious disregard, and that Gonzalez did not act with complete disregard for public safety.

However, the evidence brought forth by Plaintiffs and Appellees in the form of an expert opinion of police officer and expert, Dr. Weinblatt, presents uncontroverted evidence that Officer Gonzales was acting with conscious disregard for the public safety and was acting recklessly.

The Affidavit of Dr. Richard Weinblatt produces sufficient evidence which refutes the evidence that Officer Gonzalez was acting in good faith. (SRC Ex. E; CR 92). Dr. Weinblatt provides evidence that the actions of Gonzalez were reckless. Furthermore, according to the Motion to Suppress Hearing Transcript, Officer Gonzalez testified that he admitted that the pursuit became dangerous. (CR 92, 186). He also admitted that he violated City of Pharr's pursuit policy by failing to notify the supervisor of the type of violation, window tint. (CR 92, 198). He also testified that when he began the pursuit that

13

he did not know the City's policy on high speed pursuits. (CR 92, 210, 211). Therefore, this is evidence that Officer Gonzalez admitted that his pursuit became reckless. (CR 92, 163-172). He also admitted that he began his pursuit without knowing the proper policies, and that during the pursuit he violated those policies. (CR 92, 210, 211). It is obvious from the video that his continuation of the pursuit for 12 minutes through multiple jurisdictions in a residential area was reckless when other police departments refused to continue the pursuit. (CR 92, 210, 211). He then asked DPS to continue the pursuit; all for a misdemeanor of tinted windows. (CR 92, 183). The Report of Dr. Weinblatt, an experienced police officer and educator, establishes that Gonzalez, and his superiors, operated with conscious disregard and were reckless. (CR 92, 163-172). Dr. Weinblatt points out the following evidence (and other evidence) that establishes Gonzalez was acting recklessly, and in conscious disregard for the safety of the public and not in good faith:

1) He does not consider public safety when going through stop signs (such as Ninth Street) (CR 92, 165);

2) He travels too fast in residential neighborhoods (CR 92, 165);

3) Cars were being run off the road (CR 93, 165);

4) Gonzalez evidenced a lack of good faith for initiating, engaging and continuing the pursuit based on weak, legally faulty, or non-existent justification for the pursuit (CR 93, 168); and

5) Gonzalez came too close to other police cars, innocent civilian cars and the suspect vehicle, especially in intersections and in no passing zones. (CR 93, 168).

**Reply Issue 3:** **City of Pharr is liable because Officer Gonzalez is not entitled to official immunity because he was not acting in good faith.**

14

Appellees and the City of Pharr agree to the legal standard that if Officer Gonzalez was acting in good faith, then he and the City of Pharr retain official immunity.

The City of Pharr attempts to provide evidence of good faith, but in their argument they only cite back to the pleadings in the record and they never cite to any real evidence other than Officer Gonzalez's Affidavit.

According to a case out of this Court, *Cameron County v. Alvarado*, 900 S.W.2d 874 (Tex.App.–Corpus Christi, 1995), the City of Pharr has failed to meet any legal standard in order to overturn the trial court's denial of their Plea to the Jurisdiction based on "good faith". The *Alvarado* case is identical to the facts in this case in that the injuries to innocent bystanders were a result of a fleeing driver from Cameron County Sheriff's deputies and a high speed chase. In that case the trial court denied a summary judgment and this Court affirmed. This Court of Appeals held that official or qualified immunity is an affirmative defense, and that the City of Pharr has the burden to establish all essential elements of the defense. *Id.* at 879.

This Court found that the affidavits of the officers did not provide any evidence to meet the good faith standard by citing to objective standards of what a "reasonably prudent officer" would do. *Id.* at 880. Furthermore, the affidavits did not make any reference to the need to apprehend the suspect as outweighing a clear risk of harm to the public. *Id.* The Affidavits of Officer Gonzales in this case also fail to establish good faith and have none of the elements this Court requires to support a "good faith defense". Therefore, there is no evidence of good faith and the City of Pharr has not met their burden.

Plaintiffs and Appellees assert that the evidence (that has already been described and through the Report of Dr. Weinblatt) establishes that no reasonably prudent officer would have taken the actions that Officer Gonzalez took. Dr. Weinblatt says so on Pages 6 and 7 of his report. (CR 93, 168, 167). Therefore, he was not acting in good faith and he is not entitled to official immunity and the City is therefore not immune to suit and/or liability. (CR 93). The Report of Dr. Weinblatt states that no reasonably prudent officer would have taken such action. (CR 93, 163-172). This disputes the facts of evidence of the City of Pharr's Brief and therefore, this Court must deny the City of Pharr's Appeal in this matter.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED Appellees herein, Dora Herrera, Individually & as Representative of the Estate of Reynaldo Herrera, Deceased, Eric Herrera, Efren Herrera, Michael Herrera, Jessica Herrera Rodriguez, Celia Herrera, Vanessa Herrera, Veronica Herrera Rodriguez Herrera and Rey Herrera, pray that this Court dismiss Appellant's appeal for plea to the jurisdiction, and for such other relief as Appellees are justly entitled to receive.

Respectfully submitted,

SNIDER LAW FIRM, PLLC

Wyatt D. Snider
State Bar No. 24039185
3535 Calder, Suite 300
Telephone: (409) 924-9595
Facsimile: (409) 924-0808
wyatt@sniderlawfirm.com

16

**KENO VASQUEZ LAW OFFICE**
Librado Keno Vasquez
State Bar No.00797594
3525 West Freddy Gonzalez Drive, Suite C
Edinburg, Texas 78539
Telephone: (956) 316-1935
Facsimile: (956) 316-1936

**ATTORNEY FOR APPELLEES**

## CERTIFICATE OF COMPLIANCE

Undersigned counsel for the Plaintiffs/Appellees, hereby certifies that this Amended Reply Brief complies with Texas Rules of Appellate Procedure 9.4 and contains approximately 5,586 words, inclusive of everything in the Amended Reply Brief.

---

Wyatt D. Snider

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record, in accordance with the Texas Rules of Civil Procedure this 28th day of August, 2015.

Ricardo J. Navarro
Rebecca S. Hayward
Denton, Navarro, Rocha & Bernal,
Hyde & Zech, P.C.
701 E. Harrison St., Ste. 100
Harlingen, Texas 78550

**VIA FACSIMILE NO.:(956) 421.3621**

---

Wyatt D. Snider

17